IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOU HER,

    Plaintiff,                    No. CIV S-10-3108 DAD P

    vs.

LANCE McDANIEL, et al.,

    Defendants.              ORDER

/

        Plaintiff is an inmate at the Sacramento County Main Jail and is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has also filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff's in forma pauperis application is incomplete because plaintiff did not attach a copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint in this action. See 28 U.S.C. § 1915(a)(2). Plaintiff will be granted thirty days to submit a certified copy of his prison trust account statement for the relevant six-month period.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, plaintiff alleges that on March 28, 2007, defendant Lance McDaniel, a police officer with the Elk Grove Police Department, used excessive force when he hit plaintiff's car with his police car. Plaintiff also alleges that defendant officer Barnes engaged in the excessive use of force when he had his K-9 dog bite plaintiff while plaintiff was "laying down summitted [sic] on the ground." (Compl., Court Doc. No. 1 at 4.) According to plaintiff, the

police report regarding the incident indicates that the police dog was used by officers because plaintiff began to run away.  In terms of relief, plaintiff states:  "I want the court to give me justice and I want justice to be correct so it doesn't happen to someone out there again[.]"  (Id. at 3.)

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In this regard, plaintiff is advised that the core judicial inquiry in connection with an excessive use of force claim is "whether force was applied in a good faith effort to maintain or

restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 318 (1986). See also Jordan v. Garner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). In any amended complaint he elects to file plaintiff must therefore allege facts demonstrating that defendant McDaniel hit plaintiff's car with a police car and used the police dog in apprehending plaintiff for the sole purpose of causing plaintiff harm. In this regard, plaintiff must allege facts explaining whether he was, in fact, fleeing or resisting arrest when his car was hit and he was bitten by the police. Plaintiff is also advised that in any amended complaint he must provide additional allegations regarding any criminal charges filed against him following his arrest, including the charges brought and the current status of those proceedings including whether he suffered a criminal conviction. Finally, plaintiff must be more specific about the nature of the remedy he seeks.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall complete the attached Notice of Submission of Document and submit it to the court, within thirty days from the date of service of this order, with a copy of plaintiff's inmate trust account statement for the six-month period immediately preceding the filing of the complaint in this action.

2. Plaintiff's complaint, filed on November 18, 2010, is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint;" plaintiff must use the form complaint provided by the court;

    4. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action; and

    5. Plaintiff is cautioned that failure to comply with this order or seek an extension of time to do so will result in the dismissal of this action without prejudice. Alternatively, plaintiff may voluntarily request that this action be dismissed without prejudice.

DATED: December 6, 2010.

                                                            /s/ Dale A. Drozd  
                                                            DALE A. DROZD  
                                                             UNITED STATES MAGISTRATE JUDGE

DAD: md/4  
her3108.3c.14

```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF CALIFORNIA

NOU HER,
              Plaintiff,                No. CIV S-10-3108 DAD P
       vs.
LANCE McDANIEL, et al.,                 NOTICE OF SUBMISSION
              Defendants.               OF DOCUMENT
                              /
              Plaintiff hereby submits the following document in compliance with the court's
order filed _____:
                 _____  certified trust account statement for the six-month period preceding the
                        filing of this action.
DATED: _____.

                                        _____
                                        Plaintiff
```